JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ALYZIA BERNARDITA QUIROZ,
Plaintiff,
v.
WALMART, INC., et al.,
Defendants.

Case No. 2:25-cv-08952-SRM-PVC

**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, LOS ANGELES [30] AND DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT [9]**

On June 29, 2026, this Court ordered Defendant Walmart, Inc. ("Defendant Walmart") to show cause ("OSC") as to why this case should not be remanded for lack of subject matter jurisdiction. *See* Dkt. 30. On July 6, 2026, Defendant Walmart filed a response to the OSC. Dkt. 31. Thereafter, Plaintiff Alyzia Bernardita Quiroz ("Plaintiff Quiroz") filed a response to address Defendant Walmart's submission. Dkt. 32.

On September 19, 2025, Defendant Walmart, Inc. ("Defendant Walmart") removed this action from the Los Angeles County Superior Court alleging subject matter jurisdiction was proper under diversity jurisdiction. *See* Dkt. 1. As noted in the Order to Show Cause, the Court found that Defendant Mike Doe was personally served. *See* Dkt. 30 at 2. In response to the OSC, Defendant Walmart argues that the citizenship of Doe Defendants is disregarded for removal purposes. *See* Dkt. 31 at 1–2. However, the Court has already

concluded that Mike Doe is not a conventional fictitious Doe Defendant because the proof of service contains specific identifying information describing his person. *See* Dkt. 30 at 2. The Court adopts that finding to this Order and holds that Mike Doe is not a fictitious Doe Defendant and his citizenship may not be disregarded. *See id.* Additionally, Defendant Walmart argues that Mike Doe's service is invalid. *See* Dkt. 31 at 4–5. However, validity of service concerns whether the Court can properly exercise personal jurisdiction, which is distinct from whether the Court can exercise subject matter jurisdiction over the claims in the action. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–584 (1999) (explaining that personal jurisdiction is an individual waivable interest while subject matter jurisdiction limits the federal courts' authority to hear certain claims). Because the validity of service arguments do not resolve the jurisdictional issue presented in this Court's OSC, the Court declines to address those arguments at this time.

Lastly, Defendant Walmart argues that Mike Doe, now identified as Michael Segura, was fraudulently joined. *See id.* at 6–7. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter v. Philp Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Here, Defendant Walmart appears to argue that the latter applies. *See* Dkt. 31 at 6. In the Complaint, Plaintiff Quiroz alleges two claims, Negligence and Premises Liability, against Defendant Mike Doe. *See* Dkt. 1 at 26–30. Specifically, the Complaint alleges that he (1) maintained, controlled, and was responsible for cleaning, repairing and managing the subject property; (2) "performed acts that affirmatively contributed to the creation of the unsafe conditions or otherwise failed to remediate such conditions," (3) failed to perform reasonable periodic inspections or implement a system to reasonably do so, (4) knew, or in the exercise of reasonable care, should have known of the dangerous condition and failed to warn, and (5) negligently and carelessly operated, supervised, and maintained the subject property which led to Plaintiff Quiroz's injuries. *See* Dkt. 1 at 24, 26–29. Here, the Court finds that "there is a possibility

that a state court would find that the complaint states a cause of action" against Mike Doe. *See Hunter*, 582 F.3d at 1046. Therefore, Defendant Walmart has not carried its heavy burden to overcome the general presumption against finding fraudulent joinder. *See id.*

Accordingly, the Court concludes that Defendant Mike Doe is not a fictitious Doe Defendant and Plaintiff Quiroz can potentially state a cause of action against him. Because Defendant Mike Doe and Plaintiff Quiroz are citizens of California, this Court lacks diversity subject matter jurisdiction. This action is **REMANDED** to the Superior Court of California, County of Los Angeles, Case No. 25NWCV02944. Plaintiff Quiroz's Motion to Remand is **DENIED AS MOOT**. Dkt. 9. The Order to Show Cause against Defendant Walmart is **DISCHARGED**. Dkt. 30.

**IT IS SO ORDERED.**

Dated: July 23, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE